UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.

DOC, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-497-JD-MGG

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging that he is being denied adequate medical care for his asthma. He seeks both monetary damages and injunctive relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The constitution does not specify how medical care must be delivered. *Cf. Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). A prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Nevertheless, prisoners are entitled to medical treatment consistent with

the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, Cleveland alleges he must wait weeks for medical attention for his asthma. He alleges he has lost consciousness because of delayed treatment and required emergency medical care.

The complaint names the D.O.C. as a defendant, but Cleveland brought another complaint against the D.O.C. based on the same allegations. *Cleveland v. Indiana State Prison Warden*, 3:19-CV-406-RLM-MGG (filed May 24, 2019). In that case, the court liberally construed his complaint as against the Indiana State Prison Warden in his official capacity and granted Cleveland leave to proceed against the warden for injunctive relief. *Id.* Accordingly, his claim against the D.O.C., construed as a claim against the Warden in his official capacity, is duplicative of a claim already pending in another case.

In this case, Cleveland has also named the Indiana State Medical Team as a defendant in addition to the D.O.C., but he has not named any individual personally involved in denying him medical care for his asthma. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). He may not proceed against unnamed defendants.

While Cleveland cannot proceed on this complaint, he will be granted opportunity to amend his complaint. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it

happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Keith Cleveland;

(2) GRANTS Keith Cleveland until **August 15, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS Keith Cleveland that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint is duplicative of other pending claims and does not otherwise state a claim.

SO ORDERED on July 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT