UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.                                                CAUSE NO. 3:19-CV-497 DRL-MGG

DOC, *et al.*,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed an amended complaint (ECF 12) alleging that he has been denied adequate medical care for his asthma on multiple occasions. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Cleveland initially alleged that the events he is suing over were grievable, but he did not file a grievance because "they do not write back in case it's not important to them if it important they write back." (ECF 1 at 4.) In his amended complaint, Mr. Cleveland again conceded that he did not file a grievance because he has filed multiple grievances and does not get them back. (ECF 12 at 5.)

Prisoners are prohibited from bringing an action in federal court over prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). This circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809 (*citing Porter v. Nussle*, 534 U.S. at 525).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. A "suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Mr. Cleveland admits he did not exhaust his administrative remedies before initiating this suit. Therefore, this case cannot proceed until and unless his administrative remedies are exhausted. Accordingly, the court DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED.

September 23, 2019             *s/ Damon R. Leichty*
                                                                               Judge, United States District Court